IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE:

APPLICATION OF EURASIAN NATURAL
RESOURCES CORPORATION LIMITED FOR
AN ORDER UNDER 28 U.S.C. § 1782 TO TAKE
DISCOVERY FROM PHILLIP VAN NIEKERK

Applicant.

Case No. 8:19-cv-01843-PJM

**MEMORANDUM OF LAW IN SUPPORT OF AMENDED
APPLICATION FOR ORDER UNDER 28 U.S.C. § 1782
TO TAKE DISCOVERY FROM PHILLIP VAN NIEKERK**

HOGAN LOVELLS US LLP

Allison J. Caplis
District of Maryland Bar #27539
100 International Drive
Suite 2000
Baltimore, MD 21202
allison.caplis@hoganlovells.com
+1 410 659 2700

and

Pieter Van Tol
390 Madison Avenue
New York, New York  10017

*Attorneys for Applicant Eurasian Natural
Resources Corporation Limited*

# TABLE OF CONTENTS

                                                                                     **Page**

Preliminary Statement ................................................................................................................1

Background ..................................................................................................................................2

    I.       The English Proceedings ..............................................................................................2

           A.      The 2019 Proceedings and Original Application .......................................3

           B.      The 2021 Proceedings and Amended Application .....................................4

    II.      Proposed Subpoena ......................................................................................................4

Argument .....................................................................................................................................5

    I.       Section 1782 Procedures ..............................................................................................5

    II.      The Amended Application Satisfies the Three Statutory Requirements of Section 1782 ................................................................................................6

           A.      Van Niekerk Resides in the District ............................................................7

           B.      The Requested Discovery Is For Use in Pending Litigation in England ........................................................................................................8

           C.      ENRC Is an "Interested Person" for Purposes of Section 1782 ...........................................................................................................8

    III.     The Four Discretionary Factors from *Intel* Favor the Granting of the Application ..............................................................................................................9

           A.      Van Niekerk Is Not a Participant in the 2021 Proceedings .........................9

           B.      The English Court Would Be Receptive to the Requested Discovery ....................................................................................................10

           C.      There Is No Attempt Here to Circumvent Proof-Gathering Restrictions or Policies ...............................................................................11

           D.      The Discovery Sought Here Is Narrowly Tailored, and It Cannot Be Described as "Unduly Intrusive or Burdensome" .....................11

Conclusion .................................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al Fayed v. United States*,
   210 F.3d 421 (4th Cir. 2000) ................................................................................................ 6

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
   673 F.3d 76 (2d Cir. 2012) ..................................................................................................... 7

*Euromepa S.A. v. R. Esmerian, Inc.*,
   51 F.3d 1095 (2d Cir. 1995) ................................................................................................. 10

*Goenechea v. Davidoff*,
   Civil No. CCB-15-3384, 2016 WL 560689 (D. Md. Feb. 11, 2016) ............................. 7, 10, 11

*Gushlak v. Gushlak*,
   486 Fed. App'x 215 (2d Cir. 2012) ....................................................................................... 5

*In re Application of Hill*,
   No. M19-117(RJH), 05CV999996, 2007 WL 1226141 (S.D.N.Y. Apr. 23, 2007) ............. 11-12

*In re Application of Sveaas*,
   249 F.R.D. 96 (S.D.N.Y. 2008) ............................................................................................... 8

*In re Bayer AG*,
   146 F.3d 188 (3d Cir. 1998) ................................................................................................. 10

*In re da Costa Pinto*,
   17-22784-MC-COOKE/GOODMAN, 2019 WL 3409488 (S.D. Fla. May 16, 2019) ............... 6

*In re Gemeinschaftspraxis Dr. Med. Schottdotf*,
   No. M19-88 (BSJ), 2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006) ......................................... 12

*In re Hoteles City Express, Sociedad Anonima Bursatil De*,
   No. 18-MC-80112 (JSC), 2018 WL 3753865 (N.D. Cal. Aug. 8, 2018) ............................. 5-6

*In re IKB Deutsche Industriebank AG*,
   No. 09-cv-7852, 2010 WL 1526070 (N.D. Ill. Apr. 8, 2010) ................................................ 11

*In re Lancaster Factoring Co. Ltd. v. Mangone*,
   90 F.3d 38 (2d Cir. 1996) ....................................................................................................... 9

*In re Pishevar*,
   1:19-MC-00503 (JGK) (SDA), 2020 WL 8299764 (S.D.N.Y. Oct. 3, 2020) .......................... 5

*In re Veiga*,
   746 F. Supp. 2d 8 (D.D.C. 2010) .......................................................................................... 8

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004) .................................................................................................... *passim*

*Kulzer v. Esschem, Inc.*,
   390 Fed. App'x 88 (3d Cir. 2010) ................................................................................... 11-12

*London v. Does 1-4*,
   279 Fed. App'x, 513 (9th Cir. 2008) ..................................................................................... 13

*Oncology Foundation v. Avanza Dev. Servs., LLC*,
   Civil Action No. PX 17-1445, 2017 WL 2376769 (D. Md. May 30, 2017) ...................... *passim*

**<u>Statutes</u>**

28 U.S.C. § 1782 ........................................................................................................ *passim*

Applicant Eurasian Natural Resources Corporation Limited ("ENRC") respectfully submits this memorandum of law, along with the Amended Declaration of Michael Gordon Roberts dated July 15, 2022 (the "Amended Roberts Declaration"), in support of its amended application under 28 U.S.C. § 1782 (the "Amended Application") to take discovery from Phillip van Niekerk ("van Niekerk"), a Maryland resident, for use in the English proceedings that are described in further detail below (the "2021 Proceedings"). The Court previously considered, and granted, an application by ENRC (the "Original Application") in connection with other, related proceedings before the English court (the "2019 Proceedings").

## Preliminary Statement

The Court should grant the Amended Application, as it did the Original Application, because (1) ENRC has satisfied the three requirements set forth in 28 U.S.C. § 1782 ("Section 1782"); and (2) the four discretionary factors established in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), all weigh in favor of allowing the discovery sought by ENRC.

As discussed below and in the Amended Roberts Declaration, ENRC is one of the parties to the 2021 Proceedings, which arise out of a series of leaks by the Serious Fraud Office of the Government of the United Kingdom (the "SFO") in relation to the SFO's investigation of ENRC. Van Niekerk, who resides in this District, has been identified as the source for a September 2017 news article regarding the SFO's investigation, and ENRC has a good-faith basis to believe that van Niekerk, in turn, received the information contained in the article as the result of an SFO leak. There is also a strong inference that van Niekerk was involved in SFO leaks relating to other news articles (which are described more fully below). Proof regarding the foregoing leaks is highly relevant to the 2021 Proceedings and the claims made by ENRC against the SFO. Because van Niekerk is beyond the jurisdiction of the English court, ENRC's sole recourse for obtaining

discovery from him is through Section 1782.  Thus, the Amended Application meets all of the statutory requirements for relief under Section 1782.

The *Intel* factors also favor the granting of the Amended Application.  Van Niekerk is not a participant in the litigation in England, there is no evidence that the English court would be unreceptive to the evidence obtained through the Section 1782 process or that ENRC has brought the Amended Application in a bad-faith effort to circumvent any restrictions on (or policies against) the obtaining of discovery from van Niekerk, and ENRC has narrowly tailored the proposed subpoena so that the production of documents and deposition testimony would not impose an undue burden on van Niekerk.

In similar circumstances, the courts in this District have ordered the issuance of subpoenas under Section 1782 for discovery from non-parties to be used in foreign proceedings and, indeed, this Court granted the Original Application.  ENRC, therefore, respectfully requests that the Court enter the same relief with respect to the Amended Application.

## **Background**[1]

### I. **The English Proceedings**

ENRC is currently involved in litigation in the English court against the SFO (the "English Proceedings").  The English Proceedings consist of the 2019 Proceedings and the 2021 Proceedings, which are described in further detail in the Amended Roberts Declaration.  (*See, e.g.*, Am. Roberts Decl., ¶¶ 9-23.)

#### A. **The 2019 Proceedings and Original Application**

---

[1] The background facts are discussed in detail in the accompanying Amended Roberts Declaration and they will not be repeated here.  Instead, ENRC has provided a summary of those facts below.

The Original Application sought discovery for use in the 2019 Proceedings, and the requested information specifically related to four articles — a September 9, 2016 *Bloomberg* article, a December 5, 2016 *Bloomberg* article, a September 15, 2017 article in *The Evening Standard* (the "September 2017 Article"), and a March 26, 2019 *Bloomberg* article (collectively, the "Articles") — that were described in the supporting papers. (*See* Br. in Supp. of Original App., Dkt. No. 5-1, 2-3.) In the Original Application, ENRC set forth its good-faith belief that each of the Articles contained information relating to the investigation that was leaked to the media by the SFO. (*See id.*)

The September 2017 Article was published under the byline of Mark Hollingsworth ("Hollingsworth"), entitled "SFO is stepping up its Kazakh minor probe." The September 2017 Article refers to the fact that the SFO had interviewed the Chairman of the Board of Directors of ENRC's ultimate parent company, Alexander Machkevich. (*Id.*, 3.) ENRC informed the Court in the Original Application that it had learned from Hollingsworth that his immediate source for the September 2017 Article was van Niekerk. (*Id.*) ENRC also noted that there is a strong inference that an SFO officer was in contact with van Niekerk and that the same officer was the ultimate source of the leak that led to the September 2017 Article. (*Id.*) ENRC stated that, in view of the wider pattern of leaks of information relating to the investigation, there is a further strong inference that van Niekerk and the same officer are likely to have been involved in the leaks that led to the three other Articles. (*Id.*) Finally, ENRC pointed out that the discovery it was seeking in the Original Application would support the existing claims in the 2019 Proceedings and could lead to the pleading of additional claims. (*Id.*)

On July 9, 2019, the Court granted the Original Application. (Dkt. No. 7.) ENRC and van Niekerk then entered into negotiations regarding the discovery granted by the Court.

3

### B. The 2021 Proceedings and Amended Application

On June 22, 2020, before those negotiations regarding discovery had concluded, ENRC sought the English court's permission to amend its pleading in the 2019 Proceedings to expand its allegation that the SFO had leaked information to the press, relying upon (among other things) the Articles described above. (Am. Roberts Decl., ¶ 19.) The English court did not grant leave to amend the pleading, but indicated that instead it would be "logical" for ENRC to include the new claims in what became the 2021 Proceedings (commenced in January 2021). (*Id.*) In those proceedings, ENRC has cited additional evidence of the SFO leaks, including leaks related to articles published in September and October 2020 and a book published in September 2020. (*See id.*, ¶¶ 20-23.) The English court has not yet fixed for a trial date for the 2021 Proceedings, but it is anticipated that the 2021 Proceedings will be tried in late 2023. (*Id.*, ¶ 20.)

Because the leak-related claims in the 2021 Proceedings are an expanded version of the claims in the 2019 Proceedings, the discovery sought against van Niekerk remains relevant and would assist ENRC in proving its allegations. Moreover, given that the liability phase of the 2019 Proceedings recently concluded (*see id.*, ¶¶ 13-17), ENRC wishes to avoid any contention by van Niekerk that the Original Application is outdated or that discovery sought in that application is no longer necessary. Accordingly, it has filed the Amended Application to account for the fact that the discovery relates to the 2021 Proceedings.

## II. Proposed Subpoena

The proposed subpoena attached to the Amended Roberts Declaration as Exhibit 11 is aimed at obtaining proof of any contact between van Niekerk and the SFO in connection with the Articles and other publications referred to in the Amended Roberts Declaration. The proposed subpoena seeks the production of what should be a small amount of information that could be

4

gathered readily, and the deposition of van Niekerk would similarly focus on the Articles and other suspected leaks. (*See id.*, ¶¶ 33-34 and Ex. 11 thereto.)

## Argument

I. **Section 1782 Procedures**

It is standard practice for Section 1782 applications to be brought and decided *ex parte* in the first instance. *See, e.g., Gushlak v. Gushlak*, 486 Fed. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant application made pursuant to § 1782 *ex parte*."). Two examples of such an approach to a Section 1782 application in this District are *Eurasian Nat. Resources Corp. Ltd. v. Simpson*, 8:19-mc-00699-PX, Dkt. No. 7 (D. Md. Jan. 6, 2020), and *Oncology Foundation v. Avanza Dev. Servs., LLC*, Civil Action No. PX 17-1445, 2017 WL 2376769, at *2 (D. Md. May 30, 2017).

Also, it appears that the typical mechanism for bringing new matters to the court's attention in Section 1782 proceedings is to amend the existing application without leave of the Court. *See, e.g., In re Pishevar*, 1:19-MC-00503 (JGK) (SDA), 2020 WL 8299764, at *3 (S.D.N.Y. Oct. 3, 2020) ("There is nothing to prohibit a party seeking discovery from amending or supplementing its discovery requests. Thus, courts have permitted renewed applications pursuant to § 1782.") (citing *In re Hoteles City Express, Sociedad Anonima Bursatil De*, No. 18-MC-80112 (JSC), 2018 WL 3753865, at *2 (N.D. Cal. Aug. 8, 2018)); *In re da Costa Pinto*, 17-22784-MC-COOKE/GOODMAN, 2019 WL 3409488, at *1 (S.D. Fla. May 16, 2019) (noting that applicant had filed an amended application). There is no evidence that the courts in the foregoing cases required an additional showing by the applicants (such as the satisfaction of the standard for amending pleadings in civil actions) beyond the usual elements for a 1782 application. However, even if such a showing were required for the amendment here, there is good cause for the Court to grant leave because the Amended Application has merit, necessarily addresses material

5

developments in the English Proceedings, and would not result in any prejudice to van Niekerk (since the discovery granted in the Original Application has not yet been taken).[2]

## II. The Amended Application Satisfies the Three Statutory Requirements of Section 1782

Section 1782, which authorizes federal district courts to order discovery to assist foreign litigants, has the "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (citation omitted). In keeping with those goals, the courts have tended to construe the statute liberally. *See, e.g.*, *id.* (noting that Section 1782 "affords the district courts wide discretion in responding to requests for assistance") (quotation omitted); *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012) ("[Section 1782] has, over the years, been given increasingly broad applicability.") (citations and quotations omitted).

Section 1782 itself sets forth three requirements: (1) the person from whom discovery is sought must reside or be found within the district; (2) the discovery must be "for use in a proceeding in a foreign or international tribunal"; and (3) the application must be made by such a foreign or international tribunal <u>or</u> "any interested person." 28 U.S.C. § 1782(a). The Application easily meets each of the statutory requirements.

### A. Van Niekerk Resides in the District

According to publicly available information, van Niekerk resides at 4615 N. Park Avenue, Apt. 1120, Chevy Chase, Maryland. (Am. Roberts Decl., ¶ 24.) Chevy Chase, Maryland is within this District. Accordingly, the first statutory requirement in Section 1782 is satisfied. *See, e.g.,*

---

[2] Out of an abundance of caution and because the Court's recent order regarding the Original Application referred to a motion to amend, ENRC has also filed a motion for leave to amend.

*Oncology Foundation*, 2017 WL 2376769, at *1 (granting application where applicant sought discovery from person residing in Gaithersburg, Maryland); *Goenechea v. Davidoff*, Civil No. CCB-15-3384, 2016 WL 560689, at *2 (D. Md. Feb. 11, 2016) (granting application where applicant sought discovery from person residing in Owings Mills, Maryland).

B. <u>**The Requested Discovery Is For Use in Pending Litigation in England**</u>

The "for use" requirement imposes a minimal burden on the applicant to show that the requested discovery has some relevance to a foreign proceeding. *See In re Application of Sveaas*, 249 F.R.D. 96, 107 (S.D.N.Y. 2008) (describing the standard for relevance in a Section 1782 application as "broadly permissive"); *In re Veiga*, 746 F. Supp. 2d 8, 18 (D.D.C. 2010) ("[T]he burden imposed upon an applicant is *de minimis*."). In *Sveaas*, for example, the court stated that relevance is "broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." 249 F.R.D. at 106-07 (internal quotation omitted). "Where relevance is in doubt, the district court should be permissive." *Id.* at 107.

Here, ENRC readily carries its minimal burden of showing that the discovery is relevant to the issues in a foreign proceeding. As discussed above and in the Amended Roberts Declaration, ENRC seeks the documents and deposition testimony for use in the 2021 Proceedings, where ENRC has alleged that the SFO wrongfully leaked information. Van Niekerk has been identified as the source for the September 2017 Article that, upon information and belief, reflects an SFO leak. Moreover, there is a strong inference that van Niekerk was involved in, or has knowledge concerning, other SFO leaks. Therefore, discovery from Van Niekerk would assist ENRC in the prosecution of its claims in the 2021 Proceedings.

### C. ENRC Is an "Interested Person" for Purposes of Section 1782

Because ENRC is the claimant in the 2021 Proceedings, it qualifies as an "interested person" under Section 1782. *See Intel*, 542 U.S. at 256 ("[L]itigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782); *Oncology Foundation*, 2017 WL 2376769, at *1 (citing *Intel* and finding that a litigant in a European Patent Office revocation proceeding was an "interested person"); *In re Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 42 (2d Cir. 1996) ("The legislative history to [Section 1782] makes plain that 'interested person' includes 'a party to the foreign … litigation.'") (citation omitted). Thus, the third requirement under Section 1782 is met here.

### III. The Four Discretionary Factors from *Intel* Favor the Granting of the Application

The U.S. Supreme Court has identified four discretionary factors that the district courts should consider after finding that the statutory requirements in Section 1782 are satisfied: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or the agency abroad to U.S. federal-court judicial assistance"; (3) whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65. All of these factors favor the granting of the discovery that ENRC seeks in the Application.

### A. Van Niekerk Is Not a Participant in the 2021 Proceedings

The parties to the 2021 Proceedings are limited to ENRC, the SFO, John Gibson and Tony Puddick. (*See* Am. Roberts Decl., ¶ 20 and Ex. 9 thereto.) Van Niekerk is not affiliated with any of those parties and, therefore, he is not a participant in the 2021 Proceedings. *See Oncology Foundation,* 2017 WL 2376769, at *1 (the fact that the responding parties are not participants in

8

the foreign proceeding and are not within the foreign tribunal's jurisdiction "renders essential this Court's assistance in obtaining the documents"); *Goenechea*, 2016 WL 560689, at *3 (noting that the responding party was not a participant in the foreign proceeding, "which makes the need for § 1782 assistance greater because nonparticipants may be outside the jurisdiction of the foreign tribunal"). The rationale in *Oncology Foundation* and *Goenechea* applies with equal force here.

### B. The English Court Would Be Receptive to the Requested Discovery

When examining "receptivity" under the second *Intel* factor, "a district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995); *see also In re Bayer AG*, 146 F.3d 188, 196 (3d Cir. 1998) ("[T]he burden of demonstrating offense to the foreign jurisdiction . . . should rest with the party opposing the application."). Authoritative proof is limited to proof "embodied in a forum country's judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign procedures[.]" *Euromepa*, 51 F.3d at 1100.

There is no "authoritative proof" here that the English court would reject the evidence obtained and, to the contrary, the Amended Roberts Declaration demonstrates that the evidence would be relevant to the 2021 Proceedings.[3] Moreover, as the court stated in *In re IKB Deutsche Industriebank AG*, No. 09-cv-7852, 2010 WL 1526070 (N.D. Ill. Apr. 8, 2010), "[d]istrict courts routinely allow applicants to obtain third-party Section 1782 discovery related to litigation pending in the United Kingdom." *Id.* at *4 (citing cases and finding that there had been no showing that the English courts would be unreceptive to the evidence obtained through Section 1782). Under

---

[3] Commentators have also noted that the English courts have refused to interfere with the enforcement of Section 1782 orders. *See, e.g.,* http://international-litigation-blog.com/english-commercial-court-rules-on-enforcement-of-section-1782-order/.

9

the circumstances, this factor weighs in favor of granting the Amended Application. *See, e.g.*, *Goenechea*, 2016 WL 560689, at *3 ("Davidoff has not presented any evidence that a Spanish judge, either during the conciliation or in a later judicial proceeding, would not be willing to receive the evidence obtained during discovery.").

### C. There Is No Attempt Here to Circumvent Proof-Gathering Restrictions or Policies

In examining this factor, the courts tend to look for "bad faith" by the applicant or an attempt to bypass the foreign country's discovery rules. *See Kulzer v. Esschem, Inc.*, 390 Fed. App'x 88, 92 (3d Cir. 2010) ("The court must consider whether the litigant's motives are tainted by a surreptitious effort to bypass foreign discovery rules … ."); *In re Application of Hill*, No. M19-117(RJH), 05CV999996, 2007 WL 1226141, at *3 (S.D.N.Y. Apr. 23, 2007) ("Absent any indication of bad faith on [the applicant's] part, the Court is simply unwilling to weigh the request for § 1782 assistance itself as a negative discretionary factor.") (internal quotations omitted) (citing *In re Gemeinschaftspraxis Dr. Med. Schottdotf*, No. M19-88 (BSJ), 2006 WL 3844464, at *7 (S.D.N.Y. Dec. 29, 2006)). There is no requirement that the applicant establish whether the discovery would be available in the foreign proceeding. *See Intel*, 542 U.S at 253 ("We now hold that § 1782(a) does not impose … a [foreign discoverability] requirement."); *Kulzer*, 390 Fed. App'x at 92 (noting that Section 1782 "does not reference a requirement of discoverability under the foreign country's laws"); *IKB Deutsche*, 2010 WL 1526070, at *4 ("[E]ven if the evidence sought were not discoverable in the forum country, that alone does not preclude granting a Section 1782 application.").

In this case, ENRC does not seek to evade any restrictions or policies of the English courts. Indeed, in *IKB Deutsche*, the court held that an analogous request for discovery from a non-party did not circumvent any proof-gathering restrictions or policies, and it cited to other cases where

10

the U.S. courts allowed discovery for use in the English courts. *See id.* Here, the Court should similarly find that there is no bar to the discovery sought by ENRC.

### D. The Discovery Sought Here Is Narrowly Tailored, and It Cannot Be Described as "Unduly Intrusive or Burdensome"

The discovery at issue is limited and focused on the issues in the 2021 Proceedings. As discussed above, the 2021 Proceedings relate to the SFO leaks and the discovery here concerns the same issue. ENRC's proposed subpoena contains only two requests for the production of documents regarding the leaks, and the van Niekerk deposition would cover this topic. In similar circumstances, the courts have weighed this factor in favor of the applicant. *See, e.g., London v. Does 1-4*, 279 Fed. App'x, 513, 515 (9th Cir. 2008) (finding no undue burden where there was a "minimal invasion"); *Oncology Foundation*, 2017 WL 2376769, at *1 (stating that "the subpoena appears to be narrowly tailored to the issues before the foreign tribunal").

### Conclusion

For the reasons set forth above, ENRC respectfully requests that the Court grant the Amended Application and allow ENRC leave to issue a subpoena to van Niekerk in the form attached to the Amended Roberts Declaration as Exhibit 11.

Dated: July 15, 2022

Respectfully submitted,

HOGAN LOVELLS US LLP

By:   */s/ Allison J. Caplis /s/*

Allison J. Caplis
District of Maryland Bar #27539
100 International Drive
Suite 2000
Baltimore, MD 21202
allison.caplis@hoganlovells.com
+1 410 659 2700

and

Pieter Van Tol
390 Madison Avenue
New York, New York 10017

*Attorneys for Applicant Eurasian Natural Resources Corporation Limited*