# UNITED STATES DISTRICT COURT
for the
District of Maryland

|  |  |
|---|---|
| _____<br>*Plaintiff*<br>v.<br>In re: Application for an Order under 28 U.S.C. § 1782 to Take Discovery from Phillip van Niekerk<br>_____<br>*Defendant* | )<br>)<br>) Civil Action No. 8:19-cv-01843-PJM<br>)<br>)<br>)<br>) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Philip van Niekerk, 4615 N. Park Avenue, Apt. 1120, Chevy Chase, Maryland

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Hogan Lovells US LLP, Columbia Square, 555 Thirteenth Street, NW, Washington, DC | Date and Time: 08/30/2022 10:00 am (or thereafter) |
|---|---|

The deposition will be recorded by this method: Video and transcription

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attachment to Subpoena. Please note that the requested documents must be produced at least 14 days prior to the date listed above for your deposition.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| _____ | _____ |
|---|---|
| *CLERK OF COURT* | OR |
| Signature of Clerk or Deputy Clerk | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Eurasian Natural Resources Corporation Limited , who issues or requests this subpoena, are:

Allison J. Caplis, Hogan Lovells US LLP 100 International Drive Baltimore, MD 21202 allison.caplis@hoganlovells.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 8:19-cv-01843-PJM

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45, You are required to produce the documents requested below in accordance with the following definition and instructions and at least 14 days before the date listed on the attached Subpoena for Your deposition.

## Definitions

The following definitions apply to the requests listed below:

1. "All" or "any" means each and every.

2. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed to be outside their scope.

3. "Articles" collectively refers to four articles: (1) a September 9, 2016, article published by Bloomberg which referred to the fact that an officer of one of the divisions of Eurasian Natural Resources Corporation Limited ("ENRC") had been interviewed by the SFO; (2) a December 5, 2016 article published by Bloomberg entitled "SFO probes Israeli Billionaire, Ex-ENRC Directors over Congo"; (3) an article dated September 15, 2017 in *The Evening Standard* under the byline of Mark Hollingsworth entitled "SFO is stepping up its Kazakh miner probe"; and (4) a March 26, 2019, article published by Bloomberg entitled "ENRC Sues U.K. Fraud Cops as Corruption Charges Loom."

4. The "FT Articles" collectively refers to two articles published on September 2, 2020, and October 1, 2020, respectively, by the *Financial Times* entitled "FBI investigates deaths of mining executives in UK corruption probe" and "Silent witnesses: what do three

corpses have to do with a corruption case?" by the investigative journalist Tom Burgis ("Burgis").

5. "*Kleptopia*" refers a book entitled "*Kleptopia: How Dirty Money is Conquering the World*," written by Burgis and published on or around September 3, 2020 by Harper Collins.

6. "Communication" and "communications" include, without limitation, any oral, written, or electronic transmittal of information or request for information made from one person or entity to another, whether made in person, by telephone, electronically, or by any other means.

7. "Concerning" means relating to, referring to, describing, evidencing or constituting.

8. "Document" or "documents" means any and all handwritten, typewritten, printed or otherwise recorded matter of whatever character, or graphic material (however produced or reproduced), tapes or other voice recordings, and all other tangible objects including but not limited to booklets, procedures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, checks, bills, invoices, photographs, agendas, receipts, minutes, memoranda, written instructions, letters, expense accounts, messages, appraisals, analyses, reports, plans, evaluations, financial calculations and representations, diary entries, time sheets, calendars, telephone logs, visitor logs, telephone message slips, correspondence, e-mails, telegrams, press releases, advertisements, notes, handwritten notes, transcripts, surveys, tabulations, working papers, drawings, schedules, tabulations and projections, studies, graphs, charts, films, videotapes, microfiche, printouts, all other data whether recorded by electronic or any other means, including drafts of any of the foregoing and any other data in your possession, custody, or control and including all items that are in storage anywhere, of any source of authorship.

The definition of "document" also includes information stored in or retrievable from equipment or media that includes, but is not limited to, desktop PCs or workstations, PCs, workstations, minicomputers, or mainframes used as file servers, application servers, or electronic mail servers, other minicomputers and mainframes, laptop, notebook and other portable computers, whether assigned to individuals or in pools available for shared use, home computers, backup disks and tapes, archival disks and tapes, and other forms of off-line storage, whether stored on-site with the computers used to generate them or off-site in another computer facility or by a third party, electronic mail messages, even if available only on backup or archive disks or tapes.  If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitations, notations on the front or back of any of the pages thereof, then each such non-identical copy is a separate document and must be produced.

9. "Person" or "persons" means all individuals and entities including, but not limited to, natural persons, trusts and estates, legal or investment advisors, auditors, directors, employees, trustees, fiduciaries, representatives, delegates, consultants, attorneys, agents, functionaries, or otherwise affiliated individuals, whether serving full-time or part-time, whether paid or unpaid, whether regular or alternate, including any individuals having possession, custody, or control of documents or information relating to the present application.

10. "Relevant Time Period" means from January 1, 2016 to (and including) January 28, 2021.

9. "SFO" means the Serious Fraud Office of the Government of the United Kingdom, including any and all of its present and former agents, representatives, attorneys,

assigns, consultants, employees, or successors, or any other person acting or purporting to act on its behalf.

10. "You," 'Your," or "Phillip van Niekerk" means Phillip van Niekerk, including any and all present and former agents, representatives, attorneys, assigns, consultants, employees, or successors, or any other person acting or purporting to act on Your behalf, whether directly or indirectly, and further includes any companies or entities in which You are currently or were in the past an officer, director, shareholder, or partner or in which You currently owns or in the past owned any interest.

## Instructions

The following instructions apply to the requests listed below:

1. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these requests any documents or information that might otherwise be construed to be outside their scope.

2. The singular shall be construed to include the plural and the plural shall be construed to include the singular as necessary to bring within the scope of these requests any documents or information that might otherwise be construed to be outside their scope.

3. If you are unable to respond fully to a request, respond to the fullest extent possible and specify the reasons for your inability to respond in full.

4. If you withhold any documents on grounds of a claim of attorney-client privilege, the attorney work product doctrine, or any other privilege or protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection and provide the following information:

\\NY - 002507/000004 - 10570841 v1                                4

(a) the subject matter of the document;

(b) the title, heading, or caption of the document, if any;

(c) the identifying number, letter, or combination thereof, if any, and the significance or meaning of such number, letter, or combination thereof;

(d) the date appearing on the document or, if no date appears thereon, the date or approximate date on which the document was prepared;

(e) the general nature or description of the document (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, etc.) and the number of pages in the document;

(f) the identity of the person who signed the document and, if it was not signed, the identity of each person who prepared it;

(g) the identity of each person to whom the document was addressed and the identity of each person to whom a copy or blind copy thereof was sent; and

(h) the identity of each person who has custody of any copy or version of the document.

5. "Identify" or provide the "identity," with respect to a document, means to state:

(a) the date and nature of the document (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, etc.);

(b) the title, subject, or heading of the document;

(c) the identity of each author, addressee(s), copy addressee(s), blind copy addressee(s), and every natural person or entity to whom the document was disclosed;

(d) a description of the document's subject matter; and

(e) the Bates number or other identification number of the document, if any.

6. These requests for production of documents require You to produce all responsive documents in Your possession, custody, or control from all files that contain responsive documents, wherever located. Without limitation, these requests for production require You to produce documents subject to Your control even though located in the files of other persons, such as Your agents, representatives, employees, and attorneys, including in other locations that are outside of Maryland.

7. Any electronic information should be produced in searchable format.

8. In responding to these requests:

(a) If a document was, but no longer is, in your possession, custody, or control, state:

    i. how the document was disposed of;

    ii. the name, current address, and telephone number of the natural person or the entity who currently has possession, custody, or control of the document;

    iii. the date of disposition; and

    iv. the name, current address, and telephone number for each natural person or the entity who authorized said disposition or who had knowledge of said disposition.

(b) If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

## Documents Requested

1. All documents concerning any communications during the Relevant Time Period that (a) are between You (including any of Your agents or representatives) and the SFO (including any officer, agent or representative of the SFO); and/or (b) refer to one or more of

ENRC, Eurasian Resources Group S.a.r.l., Alexander Machkevich, Alijan Ibragimov or Patokh Chodiev.

    2.       All documents concerning the Articles, the FT Articles or *Kleptopia*.